IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADRIAN ALVAREZ, ADRIAN ALVAREZ, JR., ALEXIS FIERRO, GONZALO ISLAS, PEDRO SANCHEZ, JOSE PEREZ ROBLES, VINCENT CISNEROS, and DOMINGO ALVAREZ,<br><br>    Plaintiffs,<br><br>v.<br><br>ARTISTIC CONCRETE OF GEORGIA, INC., and JOE HALL,<br><br>    Defendants. | Case No. _____<br><br>**Jury Trial Demanded** |

## FAIR LABOR STANDARDS ACT COMPLAINT

COME NOW Plaintiffs Adrian Alvarez, Adrian Alvarez, Jr., Alexis Fierro, Gonzalo Islas, Pedro Sanchez, Jose Perez Robles, Vincent Cisneros and Domingo Alvarez, and for their Complaint against Defendants Artistic Concrete of Georgia, Inc. and Joe Hall show this Court the following:

### NATURE OF THE CASE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") arising out of Plaintiffs' employment by Defendants Artistic Concrete of Georgia, Inc. (hereinafter "Artistic") and Joe Hall. While employed by Defendants the Plaintiffs did not receive minimum wages for

hours worked, and/or did not receive an overtime premium for all hours worked over 40 during work weeks. Plaintiffs seek relief pursuant to the FLSA for Defendants' unlawful employment and compensation practices.

## JURISDICTION & VENUE

2. This Court has jurisdiction over actions brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs Adrian Alvarez, Adrian Alvarez, Jr., Alexis Fierro, Gonzalo Islas, Pedro Sanchez, Jose Perez Robles, Vincent Cisneros and Domingo Alvarez are residents of this District and Division, and are former employees of Defendants Artistic and Joe Hall. Plaintiffs specifically consent to and authorize the filing of a claim under the FLSA on their behalf. See Composite Exhibit A, attached hereto.

4. Defendant Artistic is a Georgia corporation with offices at 515 Gunnell Road, Comer, Georgia 30629. Artistic was the Plaintiffs' employer within the meaning of 29 U.S.C. §§ 203(d), 206(a)(1), and 207(a)(1). Artistic conducts business in the Northern District of Georgia and is engaged in commerce within the meaning of 29 U.S.C. § 203.

5. Defendant Joe Hall is an officer and executive of Defendant Artistic, and at all times material was Plaintiffs' employer within the meaning of 29 U.S.C. §§ 203(d), 206(a)(1), and 207(a)(1).

## FACTUAL ALLEGATIONS

6. Plaintiffs were employees of Defendants from December 2014 until March 2015. Plaintiffs were employed as Carpenters, Form Setters, Finishers, and/or Laborers.

7. Plaintiffs were compensated on an hourly basis from $15.00 per hour to $24.10 per hour without any payroll tax deductions as required by law.

8. During the course of their employment by Defendants the Plaintiffs regularly worked in excess of 40 hours per week. Defendants willfully failed to compensate Plaintiffs at a rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week as required by 29 U.S.C. § 207.

9. In some weeks of their employment by Defendants the Plaintiffs were not paid any wages and/or were provided payment in the form of checks returned for insufficient funds. At such times Defendants willfully failed to compensate Plaintiffs at the minimum wage rate for hours worked as required by 29 U.S.C. § 206.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

10. Plaintiffs incorporate by reference the factual allegations in Paragraphs 1 through 9 of their Collective Action Complaint.

11. Defendants failed to compensate Plaintiffs and other similarly-situated employees at the required minimum wage rate, and/or at the required overtime rate, for hours worked in their employ in violation of the FLSA.

12. Defendants' failure to compensate Plaintiffs and others similarly situated at the required rates of pay was a willful violation of the minimum wage and/or overtime provisions of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) All amounts of minimum wages and/or overtime wages that Plaintiffs and the class of similarly-situated employees should have received under the Fair Labor Standards Act but for Defendants' willful violation of their rights, plus an equal amount in liquidated damages pursuant to the FLSA and interest owed on such amounts;

b) all reasonable costs and attorney's fees incurred in prosecuting this action; and

c)     any other relief (including but not limited to declaratory and injunctive relief) that justice may require and/or that the Court deems appropriate to remedy the alleged violations.

## PLAINTIFFS DEMANDS TRIAL BY JURY

Respectfully submitted,

s/ Robert M. Weaver
Robert M. Weaver, Esq.
Georgia Bar No. 558537

Quinn, Connor, Weaver, Davies & Rouco LLP
3516 Covington Highway
Decatur, GA 30032
404/299-1211
404/299-1288 (fax)
rweaver@qcwdr.com